USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1203 JOSE AMILCAR CLAVEL-VASQUEZ, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. PETITION FOR REVIEW OF  AN ORDER OF THE BOARD OF IMMIGRATION APPEALS   Before  Lipez, Circuit Judge, Coffin and Campbell, Senior Circuit Judge.   Alan M. Tow with whom Linda A. Cristello was on brief forpetitioner. Joseph F. Ciolino, Attorney, Office of Immigration Litigation,with whom Frank W. Hunger, Assistant Attorney General, and Carl H.McIntyre, Jr., Senior Litigation Counsel, were on brief forrespondent.October 26, 1998   Per curiam. Petitioner Clavel-Vasquez seeks reversal ofan order of deportation issued by the Board of Immigration Appeals(BIA). We may reverse the BIA's determination that petitioner isdeportable only if he can demonstrate that the evidence hepresented was "so compelling that no reasonable factfinder couldfail to find" that he was eligible for asylum or withholding ofdeportation. INS v. Elias-Zacarias, 502 U.S. 478, 484 (1992); seealso id. at 481 n.1; Civil v. INS, 140 F.3d 52, 54 (lst Cir. 1998);Ravindran v. INS, 976 F.2d 754, 758 (lst Cir. 1992). Petitionerhas not met this burden. The record simply does not present asufficiently compelling nexus between petitioner's fear ofpersecution and any political opinion. Indeed, having carefullyreviewed the record and relevant law, we find ourselves in fullagreement with the BIA's decision, which in turn relied upon thereasons stated by the Immigration Judge. We see no need to repeathere their thoughtful discussions. See Chen v. INS, 87 F.3d 5, 7-8(lst Cir. 1996) ("[I]f a reviewing tribunal decides that the factsand evaluative judgments prescinding from them have been adequatelyconfronted and correctly resolved by a trial judge or hearingofficer, then the tribunal is free simply to adopt those findings"so long as the opinion or order reflects individualized attentionto the case.). The petition for review is denied and dismissed.